**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

RICHIE A. HILL,

           Petitioner,

-vs-                                                Case No.  2:04-cv-534-FtM-33SPC

UNITED STATES OF AMERICA,

           Respondent.
_____

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the *Pro Se* Petitioner Richie Hill's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1) filed on October 27, 2004. The Government's Response (Doc. # 14) was filed on May 20, 2005, and thus, the Motion is now ripe for review.

**FACTS**

In June of 1998, the Petitioner was indicted by a Federal Grand Jury with one count of carjacking (count one), in violation of 18 U.S.C. § 2119, and one count of kidnapping (count two), in violation of 18 U.S.C. § 1201(a).  The Petitioner pled guilty to both counts without the benefit of a plea agreement and was sentenced to 300 months in prison for count one and 360 months in prison for count two.  The Petitioner was represented by Attorney John E. Swisher, Esq. at his original sentencing.  The Petitioner appealed his sentence to the Eleventh Circuit, and the Circuit Court agreed to hear the appeal.

The Petitioner raised four issues on appeal including a challenge to an upward departure in his sentence and the failure of the District Court to grant the Petitioner his right to allocute.  The

Eleventh Circuit upheld the Petitioner's conviction but vacated his sentence and remanded to the District Court for failure to allow the Petitioner to allocute. The Eleventh Circuit did not mention the upward departure in its order vacating and remanding.

On August 30, 2000, the District Court found that the upward departure in the Petitioner's sentence was justified due to the extreme circumstances surrounding the Petitioner's criminal offenses. The District Court then granted the Petitioner the opportunity to allocute but he declined. The Petitioner was represented by Attorney Andrea Wilson, Esq. at his second sentencing. The District Court imposed a sentence of 180 months on count one and 360 months on count two. The Petitioner again appealed the upward departure in his sentence, however, on November 15, 2001, the Eleventh Circuit affirmed the District Court's sentence. On October 27, 2004, the Petitioner filed the current § 2255 Motion to Vacate Sentence with this Court.

## DISCUSSION

The Petitioner raises three issues as grounds for his sentence to be vacated: (1) he was mentally ill at the time of the kidnapping; (2) he did not want to plead out to thirty years; and (3) that there was ineffective assistance of counsel on the part of Atty. Wilson. The Government responds that the Petitioner's § 2255 motion was untimely filed and, therefore, time barred. Before considering the Motion, the Court must first determine whether or not the Petitioner's petition is time barred.

*Whether the Petitioner's § 2255 Motion is Time Barred*

Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or the defendant is barred from presenting that claim in a § 2255 proceeding. Lynn v. U.S., 365 F.3d 1225, 1234 (11th Cir. 2004) (citing McCoy v. U.S., 266 F.3d 1245, 1258 (11th Cir. 2001)). This rule generally applies to all claims including

constitutional claims. <u>Lynn</u>, 365 F.3d at 1234 (citing <u>Reed v. Farley</u>, 512 U.S. 339, 354, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994)).

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255; <u>Pruitt v. U.S.</u>, 274 F.3d 1315, 1317 (11th Cir. 2001).

In this case, the Petitioner's conviction became final on February 13, 2002, when time for him to seek certiorari review expired. <u>Kaufman v U.S.</u>, 282 F.3d 1336, 1338 (11th Cir. 2002) (finding that a conviction is not final until the ninety (90) day period to seek a writ of certiorari expires). As a result, the Petitioner needed to file his motion prior to February 13, 2003, in order to prevent the motion from being time barred. The Petitioner did not file this Motion until October 27, 2004, and thus, the Motion was untimely filed. 28 U.S.C. § 2255(1) (stating that a habeas petition may not be filed more than one year from the date on which the judgement of conviction becomes final). The second and third exceptions are not applicable. In regards to the fourth event, if the Petitioner had a mental illness at the time of the crime and/or sentencing he had ample opportunity being represented by several attorneys Swisher and Wilson as well as several appeals and opportunities to speak for himself and present such facts but failed to do so.

While the Petitioner did not argue that equitable tolling applied to his motion, the Court will *sua sponte* consider the merits of equitable tolling on his motion due to the Petitioner's *pro se* status. Equitable tolling does apply to the statute of limitations set forth in § 2255. Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999). However, it is well established that equitable tolling only applies where the petitioner shows that the motion was untimely filed because of extraordinary circumstances that are both beyond petitioner's control and unavoidable even with due diligence. Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 701-702 (11th Cir. 2003); Jones v. U.S., 304 F.3d 1035, 1039-1040 (11th Cir, 2002) *cert. denied* 538 U.S. 947 (2003); Sandvik, 177 F.3d at 1271.

In this case, the Petitioner fails to provide the extraordinary circumstances and necessary due diligence required in order for the court to allow the equitable tolling of the AEDPA's statute of limitations. Regarding the Petitioner's claims of mental illness, the Petitioner was specifically asked during his initial plea colloquy if he had any mental impairments that would prevent him from pleading guilty to the charges. The Petitioner responded no. Further, the Petitioner's initial sentencing was remanded to allow the Petitioner to allocute. While the Petitioner could have stated at that time he had a mental illness, he failed to respond in any way. Further, the Government presents evidence that Atty. Swisher originally intended to use the insanity defense but withdrew that defense. If the Petitioner had a record of mental impairments relevant to the case, the record demonstrates that he had ample opportunity to express his objections and yet he failed to do so. Thus, the Petitioner failed to demonstrate the necessary due diligence required to overcome the time bar in regards to his mental illness claims.

Additionally, the Petitioner's claim that he had ineffective assistance of counsel is not sufficient to overcome the AEDPA's one year time restriction for filing § 2255 motions. *See* Pruitt,

274 F.3d at 1321 (not allowing an untimely filed claim for ineffective assistance of counsel). And finally, the Petitioner's claim that he did not plead to a thirty year sentence also fails because he was informed that the charges against him could potentially carry a sentence of incarceration of twenty-five years to life.

Because the Petitioner did not file his § 2255 Motion within one year of any of the four events set fourth in 28 U.S.C. § 2255, and has not shown any equitable reasons to toll the limitations period, his § 2255 Motion is untimely and it is respectfully recommended that the Motion is time barred.

Accordingly, it is now

**RECOMMENDED:**

The *Pro Se* Petitioner Richie Hill's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1) should be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Fort Myers, Florida, this __13th__ day of July, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record